# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1952

_____

| | | |
|---|---|---|
| In re: Inter-City Beverage Co., Inc.; Metro Distributors of Kansas, Inc., | * | |
| | * | |
| | * | |
| Debtors, | * | |
| | * | |
| | * | |
| Coors Brewing Co., | * | Appeal from the United States |
| | * | District Court for the Western |
| Creditor - Appellant, | * | District of Missouri. |
| | * | |
| v. | * | [UNPUBLISHED] |
| | * | |
| Inter-City Beverage Co., Inc.; Metro Distributors of Kansas, Inc., | * | |
| | * | |
| | * | |
| Debtors - Appellees. | * | |

_____

Submitted: January 12, 2000
Filed: March 2, 2000

_____

Before HANSEN, BRIGHT, and FAGG, Circuit Judges.

_____

PER CURIAM.

Inter-City Beverage Company, Inc. and Metro Distributors of Kansas, Inc. (collectively "Debtors") distributed the beer products of Coors Brewing Company ("Coors") in the Kansas City area from 1989 until 1996 pursuant to a Distributorship

Agreement.[1]  In May 1996, the Debtors filed a Chapter 11 bankruptcy petition. Debtors sought to sell their assets to Big Sky Holdings, LLC ("Big Sky") and Coors entered into a new distributorship agreement with Big Sky. In connection with the sale of assets, the Debtors and Coors entered into a stipulation agreement providing, among other things, that the parties preserve for later resolution whether Debtors and Coors are required to give mutual releases pursuant to the Distributorship Agreement. After Debtors completed the sale of assets to Big Sky, Coors filed a motion to require the Debtors to deliver releases of all claims against Coors pursuant to the Distributorship Agreement. The bankruptcy court denied relief. Coors appealed to the district court and that court affirmed on different grounds. Coors appeals, and we affirm.

In this proceeding, Coors contends that the provisions in the Distributorship Agreement, providing for mutual releases between the parties if the Debtors transfer or sell the business assets, require that the Debtors furnish Coors with a release because Coors has already tendered its release to the Debtors. The district court, in affirming the bankruptcy court's denial of relief, rejected Coors' position because it found that the parties terminated the Distributorship Agreement and the rights flowing from that agreement were also terminated. We agree with this disposition and would affirm on the basis of the district court opinion.

Alternatively, after having reviewed the briefs and records in this case, we conclude that Coors' claims to obtain these mutual releases based on provisions of the Bankruptcy Code, terms of the Distributorship Agreement, and state law rights must

---

[1]The arrangements between Coors and the Debtors consisted of two distinct distributorship agreements: one covering Kansas City, Missouri and one covering Kansas City, Kansas. See J.A. at 964-997. The agreements are identical in all material respects, and thus we refer to them as a singular agreement.

fail also. This assessment assumes that by reason of the reservation of rights in the stipulation, Big Sky obtained the assets on direct transfer from the Debtors.

Coors is not entitled to adequate protection on the transfer of the property pursuant to 11 U.S.C. § 363(e), because its claimed property right to restrict the right of the Debtors to sell the business is not an interest that 11 U.S.C.§ 363(e) recognizes. In addition, Coors' claim of a right to specific performance on the ground that Debtor breached the contract is also unavailing. Because the parties agreed and stipulated to the manner in which the sale of assets was to occur, Debtors did not breach the contract.

Further, Coors' claim to entitlement to the mutual releases under provisions of state law is not supported by its case citations. Coors relies principally upon In re Schauer, 835 F.2d 1222 (8th Cir. 1987). That case is distinguishable because the rights of the trustee in bankruptcy to transfer property were constrained by specific provisions of state law. Coors has cited no provision in Missouri or Kansas law (where the distributorships were in effect) that gives it any type of legal interest in the assets sold to Big Sky pursuant to 11 U.S.C. § 363(b).

Accordingly, we affirm the district court. We observe that the basis for the bankruptcy court's rejection of Coors' claim rested not on legal grounds but on the ground that equity prevented Coors from enforcing the provisions of the Distributorship Agreement providing for mutual releases. The district court alternatively affirmed on that basis. We note that the issue of whether the unclean hands doctrine prevented Coors from obtaining relief in the form of specific performance is not necessary to the resolution of this case. Accordingly, we do not decide whether equity bars Coors from obtaining an equitable remedy. We vacate the district court's alternative ruling sustaining the bankruptcy court's rejection of Coors' claims based on the ground that Coors had unclean hands.

Affirmed.[2]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]This affirmance is subject to the ruling of the bankruptcy court's order stating that "if Debtors desire to keep the Coors' releases, they will have to furnish the reciprocal releases. . . . [Otherwise,] the releases furnished by Coors to Debtors shall be returned to Coors and they shall be deemed void . . . ." J.A. at 1110.